UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLBAND COMMUNICATIONS
COOPERATIVE,

    Plaintiff,

v

ORJIAKOR N. ISIOGU, as an
individual person in his official capacity
as Chairman and Commissioner of the
Michigan Public Service Commission,
*et al.,*

    Defendants.

_____/

Case No. 1:10-cv-889

HON. JANET T. NEFF

# ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER
### and
## NOTICE OF HEARING ON PRELIMINARY INJUNCTION MOTION

Pending before the Court is plaintiff's September 9, 2010 Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction (Dkt 8). In plaintiff's motion, plaintiff's counsel indicates that he contacted defense counsel to request concurrence with the motion, *see* W.D. Mich. LCivR 7.1(d), concurrence that was not given. Counsel for defendants has not yet filed an appearance, and this Court has not yet received a response to the motion from defendants.

Plaintiff initiated this action on September 9, 2010 by filing a Complaint for Declaratory and Injunctive Relief. Plaintiff invokes 47 U.S.C. § 401(b) and 28 U.S.C. § 1331 as bases for this Court's subject-matter jurisdiction. Plaintiff seeks emergency relief from determinations by the

Michigan Public Service Commission (MPSC), determinations contained within an August 10, 2010 Opinion and Order of the MPSC that is attached to plaintiff's complaint as Attachment 10. Plaintiff alleges that the order is unlawful because it is preempted by federal law (Count I), violates Due Process (Count II), and constitutes an unconstitutional impairment of contracts (Count III).

Requests for temporary restraining orders are governed by FED. R. CIV. P. 65(b). The issuance of a temporary restraining order lies within the discretion of the district court, taking into consideration (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent an injunction, (3) whether the issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing an injunction. *Northeast Ohio Coalition for Homeless & Service Employees Intern. Union, Local 1199 v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006).

The Court has reviewed plaintiff's complaint and the attachments to the complaint, including affidavits from plaintiff's President and General Manager. The Court has also reviewed plaintiff's motion and supporting brief. Being so advised, the Court finds that the balance of factors weighs in favor of denying a Temporary Restraining Order at this time. However, the Court determines that the circumstances warrant expedited consideration of plaintiff's request for a Preliminary Injunction. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's Motion for a Temporary Restraining Order (Dkt 8) is DENIED.

**IT IS FURTHER ORDERED** that a HEARING shall be held on plaintiff's Motion for a Preliminary Injunction (Dkt 8) on <u>Friday, September 17, 2010 at 9:00 a.m.</u>, Courtroom 401, Ford Federal Building, 110 Michigan Ave. N.W., Grand Rapids, MI 49503.

**IT IS FURTHER ORDERED** that plaintiff shall serve a copy of the complaint and motion on defendants on or before Monday, September 13, 2010.

**IT IS FURTHER ORDERED** that defendants shall file a response to plaintiff's motion on or before Wednesday, September 15, 2010.


Dated: September 10, 2010                              /s/Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge